## HOME ICE COMPANY, INC. *v.* BIG "R" ICE COMPANY, INC.

CA 92-920                                    850 S.W.2d 333

Court of Appeals of Arkansas
Division II
Opinion delivered April 7, 1993

*Anderson, Crumpler & Bell, P.A.*, by: *Ronny J. Bell*, for appellant.

*Bridges, Young, Matthews & Drake*, by: *Michael J. Dennis*, for appellee.

JOHN E. JENNINGS, Chief Judge. Home Ice Company, Inc., a manufacturer of block ice, sued Big "R" Ice Company, Inc., a retailer, for breach of contract. The trial court held there was no legally enforceable contract between the parties. On appeal Home Ice argues that the trial court erred in so holding. We agree and reverse.

The relevant facts are not in dispute. The president of Home Ice, Allison Schultz, entered into negotiations with Russell Ratliff, who ran Big "R" Ice, for the sale of ice. Schultz had a "Contract of Sale" drafted stating that Home Ice was to sell, and Big "R" Ice was to buy, a minimum of three thousand 300 pound blocks of ice between May 1, 1990, and December 31, 1990, at a price of $7.00 per block. The document further stated:

3. *Additional Terms.* Purchaser agrees *not* to sell block ice to the following individuals/businesses during the term of the contract:

(a) Jim Creech or Camden Ice Services, Camden, Arkansas;

(b) Vestal Ice Co., Strong, Arkansas;

(c) Barham Ice Co., Monroe, Louisiana.

Purchaser agrees pursuant to the terms of this contract to purchase and make payment for a minimum of three thousand 300 lb. blocks of ice at the stated price of $7.00 per 300 lb. block whether or not Purchaser takes delivery of the full three thousand 300 lb. blocks of ice. Full payment for the contracted three thousand 300 lb. blocks of ice will be made on or before December 31, 1990.

Ms. Schultz dated the contract May 29, 1990, signed it, and sent it to Big "R" Ice. A few weeks later Schultz received the contract back from the Big "R" Ice, signed by Russell L. Ratliff. Under the "Additional Terms" paragraph, this typed addition appeared: "(d) Larry Heinrich, d/b/a Custom Cubes or any other business." This additional was initialed "RLR." Schultz testified that she was confused by this addition, but that she had no problem with it. After further conversations with Big "R" Ice, Schultz added another handwritten paragraph to the agreement

on June 26th:

> 6. Seller agrees not to sell block ice to Larry Heinrich d/b/a Custom Cube or Larry Heinrich doing business under any other name during the term of this contract.

Schultz initialed this addition and sent the contract back to Big "R" Ice.

> The trial court made the following findings of fact:

> Plaintiff Corporation was at all times during pertinent times represented by its sole stockholder, Allison Schultz.

> Defendant Corporation was at pertinent times hereto represented by Russell Ratliff, now deceased.

> Plaintiff's attorney prepared the typewritten portions of the purported contract which was attached as Exhibit A to the Complaint.

> Plaintiff signed the contract May 29, 1990, and mailed it to the Defendant May 29 or May 30, 1990.

> Plaintiff received the contract back June 16, 1990, signed by Defendant but modified with the addition of paragraph 3(d).

> Plaintiff was "confused" about the addition of paragraph 3(d) by Defendant and recognized the inclusion of 3(d) was most likely a mistake and not representative of the agreement with Defendant.

> Discussions ensued and Plaintiff confirmed her thought that paragraph 3(d) was a mistake.

> Defendant purchased three loads of ice from Plaintiff between June 16, 1990, and June 27, 1990, at the price mentioned in the proposed contract.

> Plaintiff added paragraph 6 as to what she believed Defendant wanted in the contract and mailed it to the Defendant for ratification on or about July 7, 1990.

> Defendant never ratified paragraph 6 and never returned the document to plaintiff.

> Neither party deleted the erroneous paragraph 3(d) from

the document sued on.

The court then concluded that the evidence was insufficient to establish a contract between the parties. While each of the findings of fact made by the trial court is fully supported by the evidence, we cannot agree with the court's legal conclusion.

Arkansas Code Annotated section 4-2-207 (1987), provides in pertinent part:

(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(2) The additional terms are to be construed as proposals for addition to the contract.

Here, the written contract signed by an authorized representative of Home Ice was an offer. It invited acceptance by means of the signature of an authorized representative of Big "R" Ice. *See generally Restatement (Second) of Contracts* § 50 (1979). When Russell Ratliff signed the document on behalf of Big "R" Ice there was a contract between the parties, notwithstanding the insertion of an additional term. Ark. Code Ann. § 4-2-207(1). The additional term, under Ark. Code Ann. § 4-2-207(2), is to be construed as a proposal for an addition to the contract.[1]

On the facts before us we hold that there was a contract between the parties and reverse and remand the case to the trial court for further proceedings. We need not and do not determine whether the additional term inserted into the contract by Russell Ratliff, or paragraph 6, subsequently inserted into the contract by Home Ice, became a part of the parties' agreement.

Reversed and remanded.

PITTMAN and COOPER, JJ., agree.

---

[1] For the relationship between § 4-2-207 and the so-called "mirror image" rule of the common law *see Restatement (Second) of Contracts* § 59 cmt. a (1979) and Reporter's Note; *Dorton v. Collins & Aikman Corp.*, 453 F.2d 1161 (6th Cir. 1972). *See also Restatement (Second) of Contracts* § 61 (1979) and comment a thereto.